[No. 3,900.]

## CHARLES PAVISICH v. LEROY S. BEAN.

NON-JOINDER OF PARTIES DEFENDANT.—When there is a non-joinder of parties defendant, and the defect does not appear on the face of the complaint, the objection must be taken by answer or it is waived. It cannot be taken by a motion for a nonsuit.

COMPLAINT FOR WORK AND LABOR.—An allegation in a complaint, that the defendant was, on a day named, indebted to the plaintiff in a certain sum of money for work and labor before that time performed for him at his request, states of a cause of action.

APPEAL from the District Court, Second Judicial District, County of Tehama.

The complaint contained four counts; one for money

loaned, and three for work and labor performed by the plaintiff and his assignors for the defendant. The third and fourth counts allege that the defendant was, on a day named, indebted to the plaintiff's assignor, in a sum named, for work and labor before that time performed by the plaintiff's assignor for the defendant, under an agreement by which the plaintiff's assignor was to receive a sum named per month.

The answer was a general denial.

The testimony, on the trial, tended to show that one Howard was a partner of the defendant, and that the labor was performed for Howard and Bean. The defendant moved for a nonsuit because Howard had not been made a party defendant. The Court below denied the motion. The plaintiff recovered judgment and the defendant appealed.

*P. B. Nagle,* for the Appellant, argued that the nonsuit should have been granted, and that the third and fourth counts in the complaint did not state a cause of action, and cited *Frisch* v. *Caler,* 21 Cal. 71.

*J. Chadbourne,* for the Respondent, cited *Higgins* v. *Wortell,* 18 Cal. 333; *Allen* v. *Patterson,* 3 Seld. 479; and 1 Chitty's Pl. 340, 341.

By the Court, McKINSTRY, J.:

The answer was a general denial. There was no plea of non-joinder of parties defendant, and the motion for nonsuit was properly denied.

The third and fourth counts in the plaintiff's complaint state a cause of action. (*Wilkins* v. *Stidger,* 22 Cal. 231; *Abadie* v. *Carrillo,* 32 Id. 172; *Merritt* v. *Glidden,* 39 Id. 564.)

Judgment affirmed.