DANIEL W. McCLAIN, Plaintiff, v. BENJAMIN SCHOFIELD and Others, Defendants.

*Principal and agent — account stated — a sales agent's claim as to the amount of his commissions precluded by accounts stated.*

An action by a sales agent against his principal, to recover the difference between commissions paid him at a certain rate and commissions at a higher rate originally contracted for, is not maintainable in the absence of fraud or mistake, where it appears that the minds of the parties met on reducing the rate of commissions, and thereafter the principal rendered the agent monthly accounts made out on the basis of reduced commissions, which were received and retained by the agent without objection, and payment of the final balance appearing due him by such accounts was accepted by him before bringing the action.

A final statement of account, rendered by a principal to his sales agent, and accepted by the agent without objection, supersedes prior monthly accounts, and the acceptance of payment by the agent of the balance due him according to the final account rendered, amounts to an assent on his part and makes the accounts between the parties stated at that date.

In such an action, a claim by the agent that he was entitled, by his contract, to commissions upon a sale made by him to a failing purchaser, by reason of which his principal lost the entire purchase price, is not open to consideration, where it appears that after such sale the agent accepted from his principal, and retained without objection, a statement of account in which the sale in question was deducted from the gross sales made by the agent, and the agent continued thereafter to make sales for, and accept monthly statements of account from, the principal, and afterwards, and before the commencement of the action, accepted payment of the final balance of his commissions on the basis of such deduction.

MOTION by the plaintiff, Daniel W. McClain, for a new trial upon exceptions ordered to be heard at General Term in the first instance, on the dismissal of the complaint at the New York Circuit on the 23d day of February, 1893.

*Eugene M. Sanger*, for the plaintiff.

*Strong & Cadwalader*, for the defendants.

PARKER, J.:

We agree with the trial judge that there was an account stated between the plaintiff's firm and defendants; thereafter a payment by

defendants to plaintiff of the amount which such account showed to be due; and that a dismissal of the complaint was necessarily required.

The defendants were carpet manufacturers in the city of Philadelphia; plaintiff was one of a firm of commission agents for the sale of carpets in the city of New York, and has succeeded to the interests of the firm in the claims which are the subject of this action. About the 1st of December, 1887, an agreement was entered into between the parties, by which plaintiff's firm became defendants' agents for the sale of Wilton and Body Brussels carpets, the commission agreed upon being three per cent for all sales made at the standard price of the season for such goods, while for goods sold at less than the standard price, it provided for a commission of one and one-half per cent, the terms of the agreement to continue as long as mutually agreeable. Plaintiff's firm continued to sell goods as the agent of defendants until November, 1890, and the first cause of action alleged is for the balance of commissions which plaintiff claims to be due and unpaid on account of goods sold between the 1st days of December, 1889, and November, 1890.

He alleges that he has been allowed and paid only two per cent commissions on goods sold at standard prices during that period, while he was entitled to three, and it is the sum which one per cent on the gross sales would produce that he claims to recover under the first cause of action. Defendants' position was that the agreement had been modified or abrogated, and by the amended or substituted agreement plaintiff's firm were to receive but two per cent, the amount of which had been paid prior to the commencement of this action.

That after the change in the agreement touching the amount of the commissions, the defendants sent monthly statements to the plaintiff's firm covering all the business transactions between the parties, in which the commissions of the plaintiff's firm were openly and plainly stated to be two per cent, and the aggregate amount of such commissions upon such basis was also stated. That payments in accordance therewith were made, and receipts for such amounts given by plaintiff's firm, by reason of which facts the defendants contended that the accounts between them had become stated, and were no longer the subject of investigation by the court in the

absence of fraud or mistake. (*Manchester Paper Co.* v. *Moore*, 104 N. Y. 680.)

A cursory examination of the dealings between the parties during the period embraced in the alleged first cause of action, will make it apparent that this is not a case in which regret should be occasioned because of the necessity of applying the rule of an account stated.

The plaintiff's firm had full notice of the defendants' determination not to pay them more than two per cent, in advance of the performance on their part of nearly, if not quite, all, the work for which they claim not to have been fully compensated, if indeed they did not fully assent to such reduction.

As has already been observed, the contract expressly provides " this agreement to continue in full force and effect so long as mutually agreeable." Thus by its terms either party had a right to terminate the agreement at will. In December, 1889, defendants wrote plaintiff's firm that they would not put their price down to eighty-seven and one-half cents a yard, but where there was a large trade and plaintiff's firm chose to take a two per cent commission they could sell at ninety cents, with a rebate of two and one-half per cent off.

In substance, that they declined to sell at eighty-seven and one-half, and pay three per cent commission.

The sales which are the subject of the first cause of action are all made to four firms, to three of which the sales were made at eighty-seven and one-half while to the other firm the sale was at ninety, with a rebate of two and one-half per cent. The plaintiff replied by letter, dated January 10, 1890, in which he said : " You wrote me that you would only allow us two per cent at eighty-seven and one-half. We cannot do your business on that commission and get even a living, and I, for one, will not try. We are willing to do the Claflin, Kennard and Artman & T. on that basis for this season, but, farther than that I, speaking for myself, will not go, and I think Fred feels as I do ; I shall let their trade go. * * * It is for you to decide if we are to take orders as others are doing, or let them pass."

It thus appears that there was a complete meeting of the minds of the parties as to the amount of commissions to be paid on sales to three parties named, and as to other sales there was an assertion

by the defendants that they would not pay over two per cent commissions, and a statement on the part of the plaintiff that he should let the other trade go. Thereafter plaintiff's firm continued to sell defendants' goods to the three firms which they had expressly consented to sell to, for a commission of two per cent, and to another firm which they did not mention in their letter of consent. Defendants prepared monthly and sent to the plaintiff's firm a statement showing the entire sales made for the month, and the commissions of plaintiff's firm thereon, on the basis of two per cent. The statements were received by plaintiff's firm in due course of mail, and by them produced on the trial in compliance with defendants' notice to do so. Payments were made from time to time, and were duly entered upon the statements sent to plaintiff's firm. They were made by the checks of defendants and plaintiff's firm gave receipts for the money. Plaintiff made no objection to any of these statements of account, except possibly those of February and March, 1890.

He says he objected to the refusal of defendants to allow but two per cent commissions upon the sales to Bauman Brothers, and that the objection was by letter. But he failed to produce a copy of the letter, or make such proof of its mailing as would raise a presumption that the defendants received it.

Assuming, however, that he did object to the item, the fact remains that the defendants continued to send monthly statements of account, which necessarily asserted the correctness of that item on each succeeding month, down to November following, after which plaintiff received from defendants the money which the last statement asserted to be due to him. Aside from the fact that he made no objection to the further statements of account, there is direct evidence of his assent to their correctness. On the 5th day of June, 1890, he wrote the defendants a letter in which he said: "Please send us a check for $2,000, which will be a small advance; it will take that to start us out; as near as I can tell, there is between $1,600 and $1,700 due us." Referring to the statements of account for the month of May, it appears that plaintiff's commissions for April and May amounted to $2,770.17. These commissions were two per cent of gross sales including sales to Bauman Brothers.

And further, that upon the twenty-sixth of May the plaintiff received from the defendants $1,000, leaving due him according to

the statement a balance of $1,770, a little more than plaintiff's estimate.

Whether he objected to the accounts of February or March or not, he was concluded by the statement of account furnished on July ninth, to which he did not object, but, on the contrary, received payment of the balance shown to be due him. For that statement of account superseded those rendered before, and his acceptance of payment without objection amounted to an assent on his part, and made the accounts between them stated at that date. (*Clark* v. *Mechanics' Nat. Bank*, 11 Daly, 239; *Quincey* v. *White*, 63 N. Y. 370; *Knickerbocker* v. *Gould*, 115 id. 533; *Jugla* v. *Trouttet*, 120 id. 21.)

After the July statement the defendants continued to render monthly statements down to November following, after which plaintiff was paid the amount appearing to be due to him by the last statement. He made no objection when he received it, nor did he object when the money was paid to him, nor at any time thereafter, so far as the record discloses, until the commencement of this action in February, 1891.

The second cause of action was a claim for commissions upon goods sold to Deimel Brothers of Chicago, amounting to $5,986.25; in December, 1889, Deimel Brothers became insolvent immediately after the sale, and no part of the purchase price was paid.

Plaintiff claims that, under the contract, he was entitled to his commissions, notwithstanding the sale which he made was to a failing firm, by reason of which his principal lost the entire amount of the purchase price. As we view it, it is not for us to determine whether his contention be correct.

In the very month of the sale (December, 1889) defendants, in their statement to plaintiff's firm, which was received and retained without objection, deducted from the gross sales made by plaintiff's firm, and which constituted the basis upon which their commissions were estimated in that statement, the amount of the sale to Deimel Brothers. Thereafter, and prior to the commencement of this action, plaintiff made no objection to the statement in such respect, and for a period of ten months continued to procure sales for the defendants, they submitting monthly statements of account to him, until

November 20, 1890, when a final statement was made and plaintiff paid the balance therein stated to be due.

The cases we have already cited furnish adequate authority for the determination of the trial court, that as to such item the account had become stated.

Plaintiff's exceptions should be overruled and judgment ordered for defendants, with costs in both courts.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Plaintiff's exceptions overruled and judgment ordered for defendants, with costs in both courts.