[Civ. No. 1141.   First Appellate District.—February 11, 1913.]

EDWARD O. ALLEN, Respondent, v. CENTRAL COUNTIES LAND COMPANY (a Corporation), Appellant.

EDWARD O. ALLEN, Respondent, v. E. P. VANDERCOOK, Appellant.

CORPORATION—EMPLOYMENT OF SERVANTS—NECESSITY OF RESOLUTION OF DIRECTORS.—It is not necessary that a resolution should be passed by the board of directors in order to bind a corporation in the matter of the employment of its servants.

ID.—AGREEMENT WITH EMPLOYEES—VALUE OF SERVICES—ESTOPPEL.—
A corporation which pays employees regularly each month for up-
ward of three years, with full knowledge of the directors, and with-
out objection from any of the officers, is precluded from contending
that there was no agreement to pay the amounts paid, or that the
services were not reasonably worth such amounts.

ID.—SECRETARY OF CORPORATION—RIGHT TO RECOVER FOR SERVICES.—The
fact that the secretary of a corporation is a stockholder does not
preclude him from recovering for services rendered the corpora-
tion, either upon an express or an implied contract.

ID.—RECOVERY FOR SERVICES—INTEREST UPON EACH MONTH'S SALARY.—
In an action for services rendered under an express contract for a
certain monthly salary, interest is properly allowed at the legal rate
upon each month's salary as it became due.

APPEALS from a judgment of the Superior Court of the
City and County of San Francisco. George H. Cabaniss,
Judge.

The facts are stated in the opinion of the court.

Harding & Monroe, and F. W. Nightingill, for Appellants.

W. H. Payson, for Respondent.

HALL, J.—The two above entitled actions were consoli-
dated and tried together, and the appeals from the judgment
rendered in the consolidated action come to this court upon
one record.

The action against the corporation was brought by plain-
tiff to recover from the corporation defendant a stated
amount for the salary of plaintiff as the secretary of said cor-
poration, and another amount as salary of one Dick as book-
keeper for the corporation, whose claim was before suit
brought assigned to plaintiff.

The action against Vandercook was predicated upon the
same claims, and was brought against him upon his liability
as a stockholder of said corporation.

In his complaint as originally filed plaintiff sued to recover
of defendant upon an express contract for salary as secretary
of said corporation from the first day of April, 1909, to the
thirty-first day of January, 1910, at an agreed compensation
of one hundred and fifty dollars per month; and also salary

from February 1, 1910, to May 25, 1910, at an agreed compensation of fifty dollars per month. There was no controversy about this latter part of the claim.

In his second count he sought to recover upon an express contract for the salary of one A. G. Dick as bookkeeper of said corporation from April 1, 1909, to August 17, 1909, at an agreed compensation of one hunded dollars per month.

At the close of the trial plaintiff amended his complaint so as also to state a cause of action to recover the one hundred and fifty dollars per month as the reasonable value of the services rendered, and made a similar amendment as to the one hundred dollars per month sought to be recovered as the salary of Dick, as bookkeeper of said corporation.

The court made its findings in such a way as to cover either theory of the case. It found that defendant agreed to pay plaintiff for his services from April 1, 1909, to January 31, 1910, at the rate of one hundred and fifty dollars per month, and also found that said sum was the reasonable value of such services.

The court made similar findings covering the claim for salary of Dick.

Upon these appeals it is claimed by appellants that the evidence does not show any express contract upon the part of the corporation to pay either one hundred and fifty dollars per month to plaintiff or one hundred dollars per month to Dick; and that no evidence was introduced to prove the reasonable value of the services which plaintiff and Dick did render to the corporation.

We find in the record ample evidence to support the findings to the effect that the corporation did promise to pay to plaintiff one hundred and fifty dollars per month for his services as secretary of the corporation, and one hundred dollars per month to Dick for his services as bookkeeper of the corporation. No formal resolution expressly fixing the compensation of either the secretary or the bookkeeper was ever passed by the board of directors covering the period for which the salaries are in dispute.

The corporation was organized in 1906. Plaintiff was duly elected secretary. Mr. Vandercook in fact acted as the general manager of the corporation from its organization, and some time later was formerly elected to such position. By

agreement with plaintiff Vandercook fixed plaintiff's salary for the first few months at one hundred dollars per month, but in the latter part of 1906 this was increased by Mr. Vandercook to one hundred and fifty dollars per month. During all the time that plaintiff remained in the employ of the corporation, he and Dick made out monthly payrolls, showing the salary of each of them. As to the salary of plaintiff each payroll would have an item as follows: ''To Edw. O. Allen, Secretary. Time one month, rate per month $150. Amount earned $150. Balance payable $150.''

A similar item would appear as to the salary of Dick, showing the rate for his salary to be one hundred dollars per month.

These payrolls were regularly presented to the president of the corporation, with checks for the amounts called for, and such checks were signed by the president and by the secretary. Upon many occasions these payrolls were presented to the board of directors and were by the board approved.

Upon the fourteenth day of January, 1908, many months after both plaintiff and Dick had been employed and their respective compensations fixed by Vandercook, the board passed a resolution whereby it ''sanctioned, ratified, approved and confirmed'' all transactions, payments and agreements made and entered into upon behalf of the company by the officers and agents of the company. At this time the directors had full knowledge of the salaries being regularly paid to both plaintiff and Dick, and never made any objection thereto. For three years and upward these salaries were regularly paid, and the payments entered upon the books of the corporation. The general manager, Mr. Vandercook, had at all times full knowledge thereof.

All the directors had the same knowledge.

It is true that Dick was employed by one J. Dalzell Brown, who seems to have been in some way interested in the corporation. But he was employed for the corporation and with the full knowledge of Vandercook and the directors. The services he rendered were rendered to the corporation and regularly paid for by it at the rate of one hundred dollars per month, with the full knowledge of the general manager and the board of directors.

Under these circumstances we think the corporation was bound to pay plaintiff and Dick the salaries that they had been thus regularly receiving from the corporation month by month, and that such corporation was bound to pay such stated salaries as upon an express contract to pay such sums.

It is well settled that it is not necessary that a resolution should be passed by the board of directors in order to bind the corporation in the matter of the employment of its servants. (*Brown* v. *Crown Milling Co.*, 150 Cal. 376, [89 Pac. 86] ; *Crowley* v. *Genesee Mining Co.*, 55 Cal. 273].)

The regular payment of the monthly salaries at the rates of one hundred and fifty and one hundred dollars per month, with the full knowledge of the directors of the corporation, for upward of three years, without objection on the part of any director or other officer of the corporation, is ample to preclude the corporation from now contending either that there was no agreement to pay such amounts, or that the services were not reasonably worth such amounts. (*Shade* v. *Sisson M. & L. Co.*, 115 Cal. 357, [47 Pac. 135].)

These circumstances support the findings as made by the court both as to agreements to pay the amounts sued for as well as to the reasonable value thereof.

The fact that the plaintiff was a nominal stockholder of the corporation does not affect the case. It does not preclude him from recovering either upon an express contract or upon an implied contract. The fact that a plaintiff is a stockholder or is otherwise interested in a corporation may be shown as evidentiary matter upon the question as to whether or not any promise, either express or implied, ever existed to pay for his services. This is as far as the cases cited by the appellant under this head go.

As the finding as to an express contract to pay an agreed sum monthly is supported by the evidence, the court did not err in allowing interest at the legal rate upon each month's salary as it became due.

For the reasons above stated the judgment appealed from is affirmed as to both appellants.

Lennon, P. J., and Murphey, J., *pro tem.*, concurred.