## BALL et al. vs. FULTON COUNTY.

1. PLEADING: *Common Law Forms.*

   The Code has made no change in the substanial allegations necessary to constitute a cause of action, and resort may still be had to the common law forms of pleading. In this case, a complaint, in the form of the common count of *indebitatus assumpsit,* for money had and received, etc., held good.

2. ————: *How defects in pleading should be taken advantage of.*

   If the complaint omits to state a fact which is essential to the cause of action, objection should be taken by demurrer. If it state the necessary facts in a defective, uncertain manner, objection should be taken, by motion to make it more definite.

---

Ball et al. vs. Fulton County.

---

APPEAL from *Fulton* Circuit Court.

Hon. J. M. BUTLER, Circuit Judge.

*Rose,* for appellants.

*J. M. Moore, contra.*

WALKER, J.:

The county of Fulton, for the use of public building and road fund, filed a complaint at law against the appellees, for a sum of money collected from the tax payers of said county, for building and road purposes, to which a demurrer was filed and sustained, and leave given plaintiff to amend her complaint, and an amended complaint in *indebitatus assumpsit* for money had and received, was filed.

The defendants interposed a motion to strike the amended complaint from the files of the court, because it did not state facts sufficient to constitute a cause of action, and because, by the amendment, the form of action was changed ; and at the same time filed a demurrer to the declaration, upon the ground that the court had no jurisdiction, and that the facts stated do not constitute a cause of action.

Both the motion and the demurrer were overruled by the court.   Defendants declined to answer further, and judgment for want of answer was taken against defendants, and under the provisions of the Code Practice, a commissioner was appointed to take proof, and assess the plaintiffs' damage ; the commissioner was sworn (as the record states), according to law, and the witnesses, to give evidence before the commissioner, were sworn in open court.   The report of the commissioner was, that the defendants were indebted to the county of Fulton for the use of the public building fund $950, and for the use of the road fund $389.91, for which sums the court rendered judgment in favor of the plaintiff.

Ball et al. vs. Fulton County.

Defendants excepted, and appealed to this court.

Counsel for appellants insists that the demurrer should have been sustained; that the complaint was under the common law form in *indebitatus assumpsit,* and stated no facts but mere conclusions of law, and was a departure from the Code form in stating a cause of action.

The question thus presented is, whether the common law form of pleading, when all the facts necessary to charge the defendants with a legal liability are stated, is not such a statement in ordinary and concise language as would constitute a cause of action under the Code form of pleading.

The plaintiff states that the defendants are indebted to her for the use of public building fund $1,600, and for the use of the road fund of said county $500, for so much money by said defendants before that time, at the special instance and request of defendants, had and received to and for the use of the plaintiff, and being so indebted, said defendants, in consideration thereof, thereafter undertook, and faithfully promised to pay said plaintiff, for the use of said public building fund, $1,600, and for the use of the road fund $500, when requested to do so; that they were so requested, and failed to pay the same, to plaintiff's damage, etc.

If, in fact, the money was received by defendants, at plaintiff's request, and was her money, the law raises an obligation upon defendants to pay to her.

These statements of facts were distinctly made in the declaration, and were sufficient to fix an obligation upon the defendants to pay, without reference to the formal part of the count, which may be treated as surplusage.

It was this formal matter that was intended to be abolished by the Code Practice. *Harper* v. *Harper,* 10 Bush, 457.

Whether, under the common law or under the Code form of pleading, the pleader is required to state every fact necessary to

enable the plaintiff to recover, and make every material aver-
ment required to make a good declaration under the common law
form of pleading.    *Louisville and Portland Canal Company* v.
*Murphy,* 9 Bush., 525.

In the case of *Eldridge* v. *Adams,* 54 Barbour, 417, Mr. Justice
James said :    "Although all the forms of action were abolished
by the Code, the principles by which the different forms of ac-
tions are governed, still remain, and now, as much as formerly,
control in determining the rights of parties."    The Code makes
no change in the law, which determines what facts constitute a
cause of action, it does not authorize a recovery upon a state-
ment of facts which did not constitute a cause of action in some
form before the Code was adopted, and therefore the form of
precedents, rules and adjudications may be resorted to as authority,
except so far as they relate to the distinctions between the dif-
ferent forms of action, or to merely formal or technical allega-
tions.    *Holt* v. *Barnett,* 14 B. Monroe, 83.

In a still later case, Marshall, Chief Justice, said :    "The Code
makes no change which determines the cause of action ; forms
have been abolished, but the substance of the common law rules
of procedure remains, except when they conflict with the spirit of
our statute regulations upon the subject of pleadings and practice.
*Richmond & Co.* v. *Rogers,* 7 Bush, 532."

The case of *Chesbrough* v. *The N. Y. and Erie Railroad Com-
pany,* 26 Barbour, p. 9, cited by counsel, as well as that of *Drake*
v. *Crochford,* 1 Abbott, 203, do not sustain him in the position
assumed.    In *Chesbrough* v. *The Railroad Company,* the com-
plaint was, that plaintiff, at defendants' request, rendered de-
fendants services as agent, for which he was entitled to have, as a
fair compensation, $50, and also for work, labor and services done,
and materials furnished by plaintiff for defendants.

This allegation was held to be insufficient, indefinite and un-
certain, but the court also held that it was not ground for

Ball et al. vs. Fulton County.

demurrer, but might be reached by motion to strike out, or that the complaint be made more definite.

This "work," and these "materials furnished," under the common law form of pleading, would have been presented under *quantum meruit* and *quantum valebant* counts, and, when presented under the Code form, according to this decision, should have stated the kind of work performed, and described the materials furnished and their value; or, in the absence of such definite description so as to enable the defendant to make full answer to the complaint, he might, by motion, require the plaintiff to amend and make a fuller statement of the facts.

In the case under consideration, the complaint was, in form, *indebitatus assumpsit*, for money had and received by the defendant for the plaintiff, which he failed to pay; these were the material facts, and were sufficiently stated, but, if otherwise, instead of demurring, the defendants, under the Code Practice, Ch. 8, sec. 155, which provides, that when the allegations of a pleading are so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. The defendants should have filed a motion requiring such amendment to be made, so that, conceding the complaint to have been uncertain or indefinite (which we think was not the case), the defect could not be reached by demurrer.

The distinction between a failure to state a necessary fact to enable the plaintiff to recover, and a defective and uncertain statement of facts, should be kept in view. For the first cause, the defendant should demur; but for the second, he should move to make that more perfect and certain which was imperfectly stated. Pomeroy, in his work on Remedies and Remedial Rights, paragraph 548, says: "The Code clearly intended to draw a broad line of distinction between an entire failure to state any cause of

action or defense on one side, which is to be taken advantage of either by demurrer, for want of sufficient facts, or by the exclusion of all evidence at the trial, and the statement of a cause of action or defense in an insufficient, imperfect, incomplete or informal manner, which is to be corrected by a motion to render the pleading more definite and certain by amendment."

The true doctrine from all the cases is, that if the substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect or indefinite, such insufficiency, pertaining to the form rather than substance, the proper mode of correcting it is not by demurrer, or by excluding the evidence at the trial, but by motion before the trial to make the averments more certain. This practice is sustained by numerous decisions in all the States where the Code Practice has been adopted, and in view of which we think that the demurrer was properly overruled.

We have seen that the complaint in this case was in the common law form of *indebitatus assumpsit*, and, by reference to numerous decisions in the States where the Code Practice has been adopted, the common law form of pleading in *indebitatus assumpsit* has been held to be a substantial compliance with the Code Practice. Pomeroy, paragraph, 542, says: "Whether the complaint or petition, substantially the same in its form and its allegations with the old common or general count in *assumpsit*, is in accordance with the fundamental principles of the new procedure and can now be regarded as a good pleading, the courts have almost unanimously answered the question in the affirmative, and have held that such complaints or petitions sufficiently set forth the cause of action in the cases where the declarations which they imitate would have been proper under the form of practice." Citing as authority *Allen* v. *Patterson*, 7 N. Y., 476;

*Magher* v. *Morgan*, 3 Kan., 372; *Clark* v. *Tinsley*, id., 389; *Carroll* v. *Powell's ex'rs.*, 16 Mo., 226; *Brown* v. *Perry*, 14 Ind., 32; 10 id., 199; 17 N. Y., 232; 28 id., 438; 39 id., 377; 21 Wis., 395; 19 Barb., 416; 52 Mo., 342; 48 Cal., 364; 32 id., 172; 39 id., 559, with many other decisions to the same effect.

In the case of *Allen* v. *Patterson*, above cited, the action was for the price of goods, the complaint was in form of *indebitatus assumpsit* for goods sold and delivered. Jewitt, judge, who delivered the opinion of the court, said: "The Code requires that the complaint should contain a plain and concise statement of the facts constituting the cause of action. Every fact which the plaintiff must prove to enable him to sustain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated. The rule of pleading in an action for a legal remedy is the same as formerly, in this, that facts and and not the evidence of facts must be pleaded," and, after an analysis of the complaint, reaches the conclusion that its averments are in conformity with the general principles.

In *Granis* v. *Hooker*, 29 Wis., 65, the complaint was like the one before us, in form a common count for money had and received. When considering the legal sufficiency of the count, Cole, justice, said: "It is contended by defendant that all the facts in respect to the fraud should have been stated in the complaint, otherwise, the plaintiff is not entitled to prove them; on the other hand, it is claimed that all it is necessary that the complaint should contain, is substantially an allegation that the defendant has received a certain amount of money to the use of the plaintiff, as in the old form of declaring in *indebitatus assumpsit*.

We are inclined to sustain the latter view, and to hold that the facts which, in the judgment of the law, create the indebtedness or liability need not be set out in the complaint.

*Vol. xxxi.—25.*

In yielding our assent to this great weight of authority, and in holding the complaint in this case sufficient, we do but affirm the principles settled in the case of *Lincoln & Maupin* v. *Benedict*, and *Williams* v. *Rivercomb et al.*, delivered at the present term of this court, in the first of which we held a complaint in trespass for taking property, in the common law form, sufficient, and in the second, the sufficiency of a pleading in replevin, in like form.

Conceding the merits of the Code Practice for its enlarged privileges of amendment from the inception of the action to final judgment, and of its provisions in dispensing with the mere forms and fictions in pleading, and the advantages of adapting the pleadings to the evidence in the case, as well as in several other respects, it has not escaped our observation that the effort made to abandon the common law forms of pleadings, and to substitute a simpler statement of the facts necessary to sustain the action, has fallen so far short of realizing the benefits anticipated, as strongly to incline the courts in several of the States in which the Code Practice has been adopted, to hold many of the common law forms a substantial compliance with requirements of the Code Practice.

The disadvantage of having no established form of pleading, and no settled adjudications upon the construction to be placed upon them, is made manifest in most of the courts where the form of pleadings have been changed, in the increased litigation consequent upon such change, in which every pleader is left to determine for himself what facts should be stated to sustain an action.

Finding no error in the judgment and proceedings of the court below, the same is, in all things, affirmed, with costs.