[S. F. No. 284.   Department Two.—August 14, 1896.]

## MARY E. PLEASANT, Appellant, v. DAVID SAMUELS, Respondent.

Pleading—Common Counts Consistent with Code.—The common counts are not inconsistent with the provision of the code that a complaint must state the facts constituting the cause of action in ordinary and concise language, and may be used to state a cause of action under the code.

Id.—Money Paid Out and Expended for Defendant—Demurrer—Certainty—Date of Cause of Action—Items of Account.—A count of a complaint averring that the defendant is indebted to the plaintiff in a specified sum on account of moneys theretofore, at the special instance and request of defendant, paid, laid out, expended, loaned, and advanced to and for the defendant by the plaintiff, and that defendant had not paid the plaintiff any part or portion of said sum, is not subject to a general demurrer, nor to a special demurrer for ambiguity or uncertainty in not stating when the cause of action accrued, or in not setting forth the items of the account.

Id.—Statute of Limitations—Demurrer—Answer.—The defense of the statute of limitations cannot be raised by demurrer, unless it clearly and affirmatively appears upon the face of the complaint that the cause of action is barred, and if it does not so appear the defense must be raised by the answer.

Id.—Payment of Accommodation Notes—Time of Payment not Appearing in Complaint—Notes Apparently Barred.—A count of a complaint alleging the payment by the plaintiff of accommodation notes executed by plaintiff at defendant's request, which does not state the time of payment of the notes, does not show on its face that the cause of action is barred by the statute of limitations, nor does the fact that the notes were apparently barred when the suit was commenced show that the cause of action is barred by the statute.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

*H. Hamilton,* and *R. M. F. Soto,* for Appellant.

The ground of demurrer setting up the statute of limitations is not well taken, because it does not appear on the face of complaint when the plaintiff disbursed the moneys therein sued for. (Code Civ. Proc., sec. 430; *Mills* v. *Rice,* 3 Neb. 76; *Parker* v. *Berry,* 12 Kan. 351; *Curtiss* v. *Ætna Life Ins. Co.,* 90 Cal. 245; 25 Am. St. Rep. 104; *Alexander* v. *Bryan,* 110 U. S. 414; *Barringer* v. *Warden,* 12 Cal. 311; *Farris* v. *Merritt,* 63 Cal. 118; *Harmon* v. *Page,* 62 Cal. 448; *Mason* v. *Cronise,* 20 Cal. 217; *Smith* v. *Richmond,* 19 Cal. 481.) The complaint need not show when the cause of action accrued. (*Curtiss* v. *Ætna Life Ins. Co., supra; Wise* v. *Hogan,* 77 Cal. 184, 186, 187; *Doe* v. *Sanger,* 78 Cal. 150, 151; *Brusie* v. *Gates,* 80 Cal. 462, 465; *Chiles* v. *Drake,* 2 Met. 146, 148, 149; 74 Am. Dec. 406; *Perkins* v. *Rogers,* 35 Ind. 124, 141; 9 Am. Rep. 639; *Backus* v. *Clark,* 1 Kan. 303; 83 Am. Dec. 437.) The common counts are a proper form of pleading (*Quimby* v. *Lyon,* 63 Cal. 394; *Leeke* v. *Hancock,* 76 Cal. 127; *Brown* v. *Board of Education,* 103 Cal. 531, 535); no promise to pay need be alleged. (*De la Guerra* v. *Newhall,* 55 Cal. 21; *Campbell* v. *Shiland,* 14 Col. 491.) The items of the account sued on may be omitted, either as to the time or place when and where they accrued, or the amount thereof. (Code Civ. Proc., sec. 454; *Whitton* v. *Sullivan,* 96 Cal. 480, 482; *Burns* v. *Cushing,* 96 Cal. 669–71; *Freeborn* v. *Glazer,* 10 Cal. 337, 338; *Wise* v. *Hogan, supra; Farwell* v. *Murray,* 104 Cal. 464, 466; *Campbell* v. *Shiland, supra; Rogers* v. *Duff,* 97 Cal. 66.) There is no presumption of law that the plaintiff paid the promissory notes referred to in the second cause of action, at the time they matured. (*Curtiss* v. *Ætna Life Ins. Co., supra.*) Presumptions of fact or inferences, where they are not absolutely deducible from the allegations of the complaint, cannot be entertained for the purpose of sustaining thereto a demurrer setting up the statute of limitations. (*Jones* v. *Slauson,* 33 Fed. Rep. 635, 636; *Sheldon* v. *Keokuk etc. Co.,* 8 Fed. Rep. 775–77; *Hazard* v. *Dillon,* 34

Fed. Rep. 491, 492; 5 Am. & Eng. Ency. of Law, 560; 22 Am. & Eng. Ency. of Law, 891.)

*Naphtaly, Freidenrich & Ackerman,* for Respondent.

Plaintiff's cause of action against defendant accrued when she paid the notes, and it appears upon the face of the complaint that that time was more than two years before the commencement of this action, and this action is, therefore, barred. (Code Civ. Proc., sec. 339, subd. 2.) The presumption is, that she paid the notes at maturity. (Code Civ. Proc., sec. 1963, subd. 20.) It does not appear upon the face of the complaint that the running of the statute was stayed, and in the absence of such an allegation, or in the absence of an allegation that a suit had been brought upon the notes, the presumption is, that the notes were barred four years after their maturity. (*Bass* v. *Berry,* 51 Cal. 264.) The common counts are inconsistent with the provisions of our code. (Code Civ. Proc., sec. 426, subd. 2.)

THE COURT.—This action was commenced June 3, 1895, and the complaint contains two counts or causes of action, separately stated.

The first count alleges that defendant is indebted to the plaintiff in the sum of thirty-two thousand three hundred and sixty-four dollars and six cents on account of moneys heretofore, at the special instance and request of defendant, paid, laid out, expended, loaned, and advanced to and for the defendant by the plaintiff, and that the defendant had not paid to plaintiff any part or portion of said sum.

The second count alleges that plaintiff executed to defendant, at his special instance and request, and for his accommodation, without any consideration therefor, thirty-two promissory notes, the date, amount, and maturity of each of said notes being stated. The first note became due and payable on May 17, 1885, and the last on September 7, 1888, and the aggregate amount of

principal due on all the notes was thirty-two thousand three hundred and sixty-four dollars and six cents.

It is further alleged that " after the execution by the plaintiff to the defendant of the said notes hereinbefore referred to, and before the maturity thereof, the defendant indorsed each one of them, and, as so indorsed, delivered the same to other parties, who, as plaintiff is informed and verily believes, acquired title thereto in good faith, for value and without notice.   Subsequently, the plaintiff took up each of said notes and paid the amount of principal and interest thereon to the holder thereof"; and that defendant had not paid to plaintiff any part of the money so paid by her on said notes.

The defendant demurred to the first cause of action set up upon the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that it was ambiguous, unintelligible, and uncertain in certain respects named; and to the second cause of action upon the ground that it is barred by subdivision 1 of section 339, and by section 337, of the Code of Civil Procedure.

The court below sustained the demurrer, and, the plaintiff declining to amend, judgment was entered that she take nothing by her action.

From that judgment this appeal is prosecuted.

1.  The objection that the common counts are inconsistent with the provision of the code that a complaint must state the facts constituting the cause of action in ordinary and concise language, and are therefore insufficient, is not tenable.   It was held in this state at an early day, and has since been repeatedly held, that the common counts may be used to state a cause of action, notwithstanding the provision referred to, which was found in the old statutes and was adopted into the code. (*Freeborn* v. *Glazer,* 10 Cal. 337; *Abadie* v. *Carrillo,* 32 Cal. 17⅟₃; *Farwell* v. *Murray,* 104 Cal. 464.)

And this rule has been recognized and acted upon in most of the states where the code practice has been adopted.  (*Allen* v. *Patterson,* 7 N. Y. 476;  57 Am. Dec.

542; *Cudlipp* v. *Whipple*, 4 Duer, 610; *Grannis* v. *Hooker*, 29 Wis. 65; *Ball* v. *Fulton County*, 31 Ark. 379; Pomeroy's Code Remedies, secs. 542, 543.)

The first count was, therefore, not subject to a general demurrer. Was it then ambiguous, unintelligible, or uncertain in any material respect?

It was not necessary to state *when* the plaintiff paid, laid out, expended, loaned, or advanced to and for the defendant the moneys sued for, or when defendant became indebted to plaintiff therefor, or when defendant requested plaintiff to make such payments, expenditures, loans, or advancements. Nor was it necessary to set forth the items of the account. The statute expressly provides that the items of an account need not be set forth in a pleading, but a bill of particulars must be furnished on demand. (Code Civ. Proc., sec. 454.) If, therefore, the defendant desired more particular information as to the account, he should have resorted to the remedy provided for by the statute, and not to a demurrer. ( *Wise* v. *Hogan*, 77 Cal. 184; *Burns* v. *Cushing*, 96 Cal. 669; *Rogers* v. *Duff*, 97 Cal. 66; *Farwell* v. *Murray*, *supra.*)

2. As to the second count. The rule is settled beyond controversy that the defense of the statute of limitations cannot be raised by demurrer, unless it clearly and affirmatively appears on the face of the complaint that the cause of action is barred. If it does not so appear the defense must be raised by answer. (*Harmon* v. *Page*, 62 Cal. 448; *Wise* v. *Williams*, 72 Cal. 544; *Doe* v. *Sanger*, 78 Cal. 150; *Kraner* v. *Halsey*, 82 Cal. 209; *Curtiss* v. *Ætna Life Ins. Co.*, 90 Cal. 245; 25 Am. St. Rep. 114.)

Where an action is brought upon a promissory note by the payee or an indorsee against the maker, and it appears that the note had matured more than four years before the commencement of the suit, the defense of the statute of limitations may be set up by demurrer. In such a case the complaint shows the exact time at which the cause of action arose, and, if it appears upon

the face of the complaint that the statutory period of
limitation has elapsed before the commencement of the
action, the plaintiff, if he desires to escape the bar of
the statute, must allege some fact which has prevented
the running of said statute. This has been held a
number of times by this court, particularly in *Smith* v.
*Richmond*, 19 Cal. 476, where it was held that when a
new promise is relied upon it must be alleged, and in
*Bass* v. *Berry*, 51 Cal. 264, where it was said: "The ac-
tion being founded upon an instrument in writing, exe-
cuted out of the state, the statutory bar of two years
presumptively applies. If the plaintiff's case could be
relieved in this respect by the fact of the absence of the
defendant from the state, that fact should have been
averred in the complaint." But where the defense of
the statute does not clearly appear upon the face of
the complaint it must be pleaded by answer. In such a
case it is not enough to say that the statute might have
run. As was said by this court in *Kraner* v. *Halsey*,
*supra:* "A court is not allowed to speculate on what
might have happened, or what might not have occurred,
in view of the averments of the complaint." In *Wise*
v. *Hogan*, *supra*, the court, speaking on the same sub-
ject with respect to what the complaint would show,
says: "The fact that it did not show whether it was or
was not barred would not defeat a recovery"; and in *Doe* v.
*Sanger*, *supra*, the court, discussing the matter of setting
up the plea of the statute of limitations by demurrer,
say: "The fact that a cause of action, as set out in the
complaint, does not show on its face whether or not it
is barred by the statute of limitations would not defeat
a recovery. It could only be determined on the trial
of the case whether the whole or any part of the dam-
ages claimed was barred by the statute. Unless it ap-
pears upon the face of the complaint that the cause of
action is barred by the statute of limitations, that ob-
jection cannot be raised by demurrer." And in *Curtiss*
v. *Ætna Life Ins. Co.*, *supra*, the court say: "The ques-
tion is as to a rule of pleading, and we do not under-

stand that a complaint showing money to have been loaned at a date sufficiently remote to admit of the running of the statute raises the presumption that it has run." In the case at bar the action is not brought upon a promissory note to recover against the maker upon the promise which he has made in such note. The cause of action rests upon the fact that the plaintiff was compelled to take up and pay, and did take up and pay, notes which he himself had made for the accommodation of the defendant. The cause of action arose at the time when the plaintiff made such payments of money for the benefit of defendant; and it does not appear, nor is it necessary for it to appear, upon the face of the complaint when said payments were made. Therefore, they may have been made within the statutory period. It is no valid objection to this view to say that, if the holders of said notes had brought suits against plaintiff at the time this present suit was commenced, such actions would apparently have been barred by the statute. Such actions may have been commenced before such notes were barred; and for this, and other reasons that might easily be suggested, the plaintiff here may have rightfully paid and taken up said notes at a time which would have prevented the statute of limitations from barring this present action.

The judgment is reversed and the cause remanded with directions to the court below to overrule the demurrer.