[Civ. No. 222. First Appellate District.—July 25, 1906.]

## HUGH CRAIG, Respondent, v. JOHN ALEXANDER DOWIE, Appellant.

ASSUMPSIT—MONEY PAID—REQUEST—NONPAYMENT—SUFFICIENCY OF COMPLAINT.—A complaint averring that between certain dates at the place of venue, plaintiff, at the special instance and request of defendant, furnished, paid and laid out to and for the use of defendant a specified sum, which defendant then and there agreed to repay to plaintiff at said place on demand with legal interest, and that, though often requested thereto by plaintiff, defendant has not paid the same nor any part thereof, except a specified sum, and stating the sum now due and owing to plaintiff from defendant with legal interest thereon, is, on the authority of *Pleasant* v. *Samuels*, 114 Cal. 34, sufficient as against a general and special demurrer.

ID.—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE—CREDIBILITY OF WITNESSES.—Findings following the complaint are sufficiently supported by evidence tending to prove them, notwithstanding a conflict of evidence, involving the weight of evidence and the credibility of witnesses.

ID.—COMPUTATION OF INTEREST—AGREEMENT TO PAY DEFICIENCY—PAYMENTS COLLECTED TO BE CREDITED—DEMAND.—Where the agreement was that defendant would repay to plaintiff any deficiency left after payment to plaintiff of moneys to be collected by defendant in the conduct of a mission toward which plaintiff advanced the money, interest should be computed only from the date of the plaintiff's demand for payment of the deficiency and not from the date of plaintiff's last payment.

ID.—CURE OF ERROR—REMISSION FROM JUDGMENT.—Where errors in interest, and in credits to be made thereon, were remitted by plaintiff from the judgment by an instrument filed by him prior to the appeal, with a request to the clerk to credit the same upon the judgment, *held*, that justice will be subserved by recognizing this action of the plaintiff as curing the error of the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. F. J. Murasky, Judge.

The facts are stated in the opinion of the court.

Gray & Leet, for Appellant.

Craig & Craig, for Respondent.

HALL, J.—This is an appeal from a judgment against defendant for the sum of $1,764.90, together with interest thereon from the eleventh day of December, 1888, and costs of suit. The appeal was taken within sixty days from the entry of the judgment.

The first point presented is as to the sufficiency of the complaint as against a general and special demurrer. The complaint alleges, "That between the 9th day of October and the 11th day of December, both inclusive, A. D. 1888, at the City and County of San Francisco, State of California, plaintiff, at the special instance and request of the defendant, furnished, paid and laid out to and for the use and benefit of defendant the sum of two thousand seven hundred and twenty-seven and thirty-six hundredths ($2727.36) dollars, which defendant then and there agreed to repay to plaintiff at said City and County of San Francisco on demand, together with legal interest. That though requested thereto by plaintiff, defendant has not paid the same nor any part thereof, except the sum of nine hundred and sixty-two and forty-six hundredths ($962.46) dollars, and there is now due and owing to plaintiff from defendant therefor the sum of one thousand seven hundred and sixty-four and ninety-hundredths (1764.90) dollars, with legal interest thereon from the 11th day of December, 1888."

The complaint in this case does not differ in any material respect from the complaint in *Pleasant* v. *Samuels,* 114 Cal. 34, [45 Pac. 998], which was held to be good as against a general and special demurrer in all respects similar to the demurrer in this case. We therefore hold that no error was committed by the court in overruling the demurrer.

The court made findings following the language of the complaint, and the point principally urged for a reversal of the judgment is that the evidence is insufficient to support the findings.

It appears that in 1888, the defendant, Dowie, was engaged in conducting "missions," teaching and expounding certain doctrines and beliefs held by himself. The expenditures sued for in this action were made by plaintiff in connection with a "mission" held at the Grand Opera House in the city and county of San Francisco in that year by defendant, and the vital matter in dispute between plaintiff and

4 Cal. App.—12

defendant is as to whether the expenditures were made by plaintiff as a voluntary offering on his part toward advancing the doctrines taught by Dowie, or were made by plaintiff at the request of Dowie on his promise to repay the same. The testimony given by plaintiff, which is corroborated by witnesses, Cadman and Thomas, fully sustains his theory of the transaction. Plaintiff testified that the defendant urged him to advance the money for the expenses of the "mission" at the Opera House, and that "He undertook to make good any deficiency; that he would pay back to me any money that I advanced which did not come back from the collections which were taken at the mission. The collections that were taken at the mission were to be applied to pay back my advances." In regard to the same matter the witness, Cadman, said (referring to a conference between plaintiff, defendant and the witness) : "He [Dowie] said that he felt that he ought to have a bigger place to hold his meetings, and that if he could get a big mission started he could make a success of it; but that he had not the means to do it with, and he wanted to have the money advanced until the mission was started, and he felt confident that the mission would pay for itself. He said and always said that he would make good any deficiencies, but he felt sure there would be no deficiencies, and it was simply a matter of form to put this money up to pay these expenses until the mission could get on its feet, and that he would make the shortage good if there were any, but he felt sure there would not be any."

The testimony of the witness, Thomas, was corroborative of the foregoing.

As against this, appellant urges upon our attention expressions in letters, and conduct on the part of plaintiff, which he claims are inconsistent with the existence on his part of any claim to be reimbursed for his expenditures for the Grand Opera House mission. But all these concern the weight of the evidence and the credibility of the witnesses. The trial court having found the facts upon a conflict of evidence, we may not interfere.

Among the items going to make up the amount found by the court to have been expended by plaintiff for defendant are two items for interest paid to a bank for overdrafts, amounting to $30.08. When plaintiff agreed to make the necessary advances to carry on the mission he opened a special account

at the bank for the expenditures in connection with the mission, and arranged for an overdraft, agreeing at the closing of the mission to give the bank a check for any deficiency there might be. Plaintiff testified that defendant understood perfectly the method adopted by plaintiff in opening the account with the bank and the matter of the overdraft, and though the testimony perhaps is not as clear as it might be that defendant consented to and approved of the payment of this interest on his account, we are not prepared to say that the court was not justified in so holding and charging him with it.

The court allowed interest on the demand of plaintiff from December 11, 1888, while the evidence showed that demand was not made for payment of the deficiency before December 31, 1888. The interest for the period between December 11 and December 31, 1888, it is conceded amounts to $8.33, and respondent concedes should not have been allowed to plaintiff. Further it appeared in the evidence of plaintiff that Cadman (who had agreed to advance one-half of the expenses of the mission until defendant should repay the same) had paid to plaintiff interest on the amount that he, Cadman, had agreed to advance to the amount of $80.48, and respondent concedes that defendant should have received a credit therefor. It was agreed and stipulated by the parties in this court, and the same matter is set forth in respondent's brief, that two weeks before the taking of the appeal in this matter plaintiff served on defendant and filed in the trial court a document, executed by plaintiff, reciting the facts of such errors, and remitting from the judgment, and requesting the clerk to credit upon the judgment as of the date of the entry thereof, the sum of $80.48 and the sum of $8.33. We think that justice will be subserved and the law not violated by recognizing this action of plaintiff as curing the error of the trial court.

The judgment is affirmed, with directions to the trial court to cause a partial satisfaction thereof to the amount of $88.81 to be entered thereon as of date of the eleventh day of March, 1905, in accordance with the request of plaintiff filed in said court April 19, 1905.

Cooper, J., and Harrison, P. J., concurred.