[S. F. No. 6762. Department One.—October 30, 1915.]

B. D. PIKE, Appellant, v. H. ZADIG et al., Respondents.

PLEADING—COMMON COUNT—MONEY HAD AND RECEIVED.—As against either a general or a special demurrer on the ground of uncertainty, a statement of a cause of action for money had and received for the use of the plaintiff, in the form previously known as the common count, is sufficient under section 426 of the Code of Civil Procedure.

ID.—ACTION AGAINST PARTNERS—PARTNERSHIP NEED NOT BE ALLEGED. In an action against partners upon a partnership obligation, it is not necessary to allege a partnership between the defendants, but they may be declared against as any joint debtors.

ID.—DATE OF ACCRUAL OF INDEBTEDNESS—"WITHIN FOUR YEARS LAST PAST."—An allegation in an amended complaint that the indebtedness sued on accrued "within four years last past" shows that the accrual could not have been more than four years before the filing of the original complaint.

ID.—DEMURRER—STATUTE OF LIMITATIONS.—A demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must appear affirmatively that, upon the facts stated, the right of action is necessarily barred.

ID.—ACCRUAL OF ITEMS OF INDEBTEDNESS—BILL OF PARTICULARS.—In an action to recover the balance due on an open, mutual, and current book account, the dates of the accrual of the indebtedness, or the various items thereof, need not be alleged. If the defendant desires further information on this point, the proper course is to demand a bill of particulars.

ID.—DISTINCT INDEBTEDNESSES—ACCORD AND SATISFACTION AS TO ONE.—A complaint in such action, alleging two distinct indebtednesses upon two open book accounts, and showing the extinguishment of one only of the indebtednesses by an accord and satisfaction, will be construed as seeking a recovery on the other indebtedness as to which no accord and satisfaction was had. As to such indebtedness, the plaintiff need not show when he discovered that the balance was due him, or that he brought his action within a reasonable time after such discovery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Edmund Tauszky, for Respondents.

SLOSS, J.—The court below sustained the demurrer of certain defendants to plaintiff's first amended complaint, with leave to the plaintiff to amend said complaint within ten days "on first paying said defendants twenty-five dollars as terms." Plaintiff declining to comply with the condition, judgment was entered in favor of the defendants, and plaintiff appeals from such judgment.

Assuming that the complaint was open to the objections specified in the demurrer, there can, of course, be no doubt

of the right of the court to impose reasonable terms as a condition of permitting the amended pleading to be filed. It is not suggested that the amount required to be paid was unduly large, and the only question, therefore, is whether the demurrer was properly sustained.

The complaint is anything but a model pleading. At the same time, we think that, clumsily drawn as it was, it was sufficient to withstand attack on the points specified in the demurrer presented here by the respondents. In the caption of the complaint the defendants named are: H. Zadig, Albert W. Wollberg, as individuals, John Doe, Richard Roe and Martin Chuzzlewit, doing business as copartners under the name of Zadig & Company, and Black Company, First Doe, Second Doe, Third Doe, Fourth Doe, Fifth Doe, and John McCarthy. The pleading alleges, in paragraph I, that the true names of the defendants are unknown to plaintiff and that Black Company is a corporation organized under the laws of the state of California. It then proceeds as follows: "Within four years last past in the city and county of San Francisco, state of California, defendants became indebted to plaintiff upon and according to an open, mutual and current book account for money had and received by defendants for the use and benefit of plaintiff, in two sums and balances, to wit, in one open, mutual and current book account in a certain sum and balance, to wit, $50,000, and in another open, mutual and current book account, between the same parties, to wit, between plaintiff and defendants, in another certain sum and balance, to wit, the sum of $48,000.

"Thereafter and on or about February 15, 1912, plaintiff and defendants entered into an accord and satisfaction as to one of said sums, to wit, said sum of $50,000, and plaintiff credited said sum as being paid.

"On said February 15th, 1912, plaintiff did not know or suspect defendants were indebted to him upon said book account in the sum of $48,000, or in any other sum whatever, and did not discover said balance so due to him as aforesaid until subsequent to said February 15th, 1912, and prior to the commencement of this action.

"Plaintiff thereupon demanded said sum of $48,000 from defendants but no part thereof has ever been paid."

The prayer is for judgment for forty-eight thousand dollars, with interest and costs of suit.

A demurrer was interposed by the defendants, H. Zadig, and Albert S. Wollberg, as individuals, and H. Zadig and E. P. Barrett, "sued herein under the names of John Doe and Richard Roe, doing business under the firm name of Zadig and Company." The grounds of the demurrer were: That the complaint does not state facts sufficient to constitute a cause of action; that the complaint is uncertain, in that it does not appear when the defendants became indebted to plaintiff, when they received money for the use of plaintiff, when plaintiff discovered that defendants were indebted to him in the sum of forty-eight thousand dollars, when plaintiff demanded said sum; during what period there existed an open, mutual and current book account between plaintiff and defendants; whether there was one or more than one such account, or how plaintiff discovered that said balance was due him. The same particulars are specified under the headings of uncertainty and unintelligibility. The demurrer also seeks to set up the bar of the statute of limitations.

We do not consider any of these points well taken. So far as the general demurrer is concerned, the complaint does allege that the defendants became indebted to the plaintiff for money had and received by them for the use and benefit of plaintiff in two given sums. This is a sufficient pleading under the old form known as a "common count." If the question were new, there might be good ground for saying that the common counts do not comply with the provision of our Code of Civil Procedure, section 426, that the complaint must contain "a statement of the facts constituting the cause of action, in ordinary and concise language." But the practice of pleading in this form has been too long established in this state to be now open to question. (*Abadie* v. *Carrillo,* 32 Cal. 172; *Castagnino* v. *Balletta,* 82 Cal. 250, [23 Pac. 127]; *Pleasant* v. *Samuels,* 114 Cal. 34, [45 Pac. 998]; *Shade* v. *Sisson Mill & Lumber Co.,* 115 Cal. 357, [47 Pac. 135]; *Minor* v. *Balbridge,* 123 Cal. 187, [55 Pac. 783].) There have been intimations in this court that such a pleading, although not obnoxious to general demurrer, might fall before a special demurrer on the ground of uncertainty. We think, however, that there is no force in this suggestion. If there be any objection to the common count, it is that the pleading states conclusions of law instead of setting forth the facts upon which the plaintiff relies. The real ground of objec-

tion, therefore, is that the complaint does not state facts sufficient to constitute a cause of action. But, as we have seen, this objection is not maintainable.

It is urged that the caption of the complaint names John Doe, Richard Roe, and Martin Zadig as copartners, doing business under the name of Zadig and Company, but that the body of the pleading contains no allegation of any such partnership. "In an action against partners upon a partnership obligation, it is not necessary to allege a partnership between the defendants, but they may be declared against as any joint debtors." (15 Ency. Pl. & Pr., 920, and cases cited.) Indeed, a denial of the partnership, where it is alleged, does not raise a material issue. (*Hunter* v. *Martin,* 57 Cal. 365.)

The point that the complaint alleges that the indebtedness accrued "within four years last past" and not within four years prior to the commencement of the action has no merit. A date within four years of the filing of the amended complaint could not have been more than four years before the filing of the original complaint. Furthermore, a demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must appear affirmatively that, upon the facts stated, the right of action is necessarily barred. (*Ord* v. *De La Guerra,* 18 Cal. 67; *Wise* v. *Hogan,* 77 Cal. 184, [19 Pac. 278]; *Pleasant* v. *Samuels,* 114 Cal. 39, [45 Pac. 998].)

It is no objection to the complaint that the times when the indebtedness, or the various items thereof, accrued are not set forth. (*Pleasant* v. *Samuels,* 114 Cal. 34, 38, [45 Pac. 998].) If the defendants desired further information on this point, the proper course was to demand a bill of particulars. (Id.; Code Civ. Proc., sec. 454.)

The allegations of the complaint regarding two book accounts are, at first sight, somewhat confusing. There seems to have been no good reason for making any reference to the first, since the claim on this was extinguished by an accord and satisfaction. But the action is obviously brought to recover upon the other demand, viz., the one for forty-eight thousand dollars, and it is not alleged that there was ever any accord and satisfaction with regard to this. There is, therefore, no merit in the contention of the respondents that plaintiff was bound to show when he discovered that this bal-

ance was due him, or to aver affirmatively that he brought his action within a reasonable time after such discovery. He does not plead that he ever agreed upon a satisfaction of this demand, and he is not, therefore, seeking to be relieved from any settlement with regard to it.

No other points are urged in support of the ruling of the court below. We think, as we have already suggested, that none of the objections urged by the defendants, or specified in their demurrer, pointed out any substantial defect in the pleading.

The judgment is reversed, with directions to the court below to overrule the demurrer, with leave to defendants to answer within a reasonable time.

Shaw, J., and Lawlor, J., concurred.