[Civ. No. 3878.    First Appellate District, Division Two.—August 23, 1921.]

GEORGE F. NORRIS, Respondent, v. CAMPBELL ELECTRIC CORPORATION (a Corporation), et al., Appellants.

[1] PLEADING — ACTION TO RECOVER COMMISSIONS — SUFFICIENCY OF COMMON COUNT—PARTIES.—In an action to recover commissions on sales of merchandise, a complaint in the form of a common count for services rendered under an express promise to pay therefor is sufficient, as against demurrers, both general and special; and several defendants may properly be joined in the action as joint debtors.

[2] ACTION TO RECOVER COMMISSIONS — EVIDENCE — FINDINGS — JUDGMENT.—In this action against three corporations to recover money alleged to be due the plaintiff as commission on sales of X-ray equipment and similar articles manufactured by the defendant corporations, the evidence was insufficient to justify the trial court's finding that the defendants, while organized as three distinct corporate entities, were owned by and operated by the same persons and had the same officers and the same place of business, or to support the judgment in favor of the plaintiff as against the corporations other than the one sales corporation with which the plaintiff had contractual relations.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Arthur H. Barendt for Appellants.

Louis H. Brownstone and Louis E. Goodman for Respondent.

LANGDON, P. J.—This action is to recover money alleged to be due the plaintiff as commission on sales of X-ray equipment and similar articles manufactured and sold by the defendant corporations. Plaintiff alleged that each of the defendants was a corporation organized under the laws of a state other than California; "that within two years last past the said defendants became indebted

to plaintiff in the sum of $4,832.43 for services rendered to said defendants by plaintiff at said defendants' special instance and request, in the sale of merchandise for said defendants.''

It is then alleged that a portion of said sum has been paid and that there remains due and unpaid the sum of $1,566.54, for which sum judgment is prayed. A joint judgment was rendered against the defendants for the sum of $1,294.15, from which they appeal.

Respondent justifies the joint judgment rendered in this case by the finding of the trial court: ''That the defendants herein, while organized as three distinct corporate entities, are owned by and operated by the same persons and have the same officers and the same place of business in Lynn, Massachusetts, and the services rendered by the plaintiff herein were rendered to, for and at the request of all of said three defendant corporations.''

That finding is attacked by the appellants as being unsustained by the evidence. The testimony of the plaintiff regarding at least one of the defendants, Vacuum Glass Company, is so vague and unsatisfactory as to give it little value as evidence. The record contains, then, practically undisputed, the following testimony of Fred R. Campbell, the treasurer of all three corporations defendant, and the only officer common to the three corporations: ''The Campbell Electric Company was incorporated in 1909 for the purpose of manufacturing X-ray and electro-medical and other electrical apparatus with factory and offices in the Keith Bldg., at 54 Central Sq., Lynn, Mass. The Vacuum Glass Company was incorporated in 1909 for the purpose of manufacturing incandescent lamps, X-ray tubes and electro-medical glassware and took up its quarters in the Fabens Building at 316 Union St., Lynn, Mass. In the year 1912 the Vacuum Glass Company sold its machinery for the manufacture of incandescent lamps but continued the manufacture of X-ray tubes. In 1913 the Campbell Electric Company bought a large factory building at 17 Stewart St. and moved its quarters from the Keith Bldg. in Central Sq. to the building at 17 Stewart St. At the same time the Vacuum Glass Co. was rented small quarters in the building at 17 Stewart St. to which its

machinery for the manufacture of X-ray tubes was removed and where it manufactures in entirely separate quarters from the Campbell Electric Co. or the Campbell Electric Corporation."

It also appears by the testimony of the same witness that the Campbell Electric Corporation was incorporated in 1917 for the purpose of selling the Campbell Electric Company's apparatus and supplies, and maintains entirely separate quarters from either of the other two defendants and has its own corps of clerks entirely distinct from the Campbell Electric Company or Vacuum Glass Co. The list of directors of the Campbell Electric Corporation is furnished and Mr. Campbell stated, in answer to interrogatories, that "none of these directors except myself were officers of either the Campbell Electric Company or Vacuum Glass Company, and none of them except myself were identified in any way with the Campbell Electric Company or Vacuum Glass Company."

There is no evidence to support the portion of the finding relating to the ownership of the three corporations and no inquiry was made as to that fact. Though the finding as a whole is not, therefore, supported by the evidence, the error is available on this appeal only to the Campbell Electric Company and the Vacuum Glass Company. The evidence is without conflict that plaintiff's services were rendered under contracts, both written and oral, with the Campbell Electric Corporation, which was the sales agent for the products of the other concerns, and that plaintiff had no contractual relations with the other corporations. The written contract of the plaintiff with the Campbell Electric Corporation provided for payment of commissions to the plaintiff of thirty-three and one-third per cent on all goods sold, with certain exceptions. Payments of such commissions were to be made, not only on cash sales, but as to all sales which were made on installments and where notes were accepted in part payment, the agent was to be paid a portion of the cash actually received until two-thirds only of the commission had been paid. The remaining one-third was to be held by the company until the customer had made final payment. The oral contract for the sale of the products of the Vacuum Glass Company was indefinite as

to the manner of payment of commissions, but throughout the entire transactions the plaintiff was led to believe that he was dealing with the corporation upon the same terms as those specified in the written contract. All correspondence and orders covering the products manufactured by either the Campbell Electric Company or the Vacuum Glass Company were sent by plaintiff to the Campbell Electric Corporation and the orders were filled without question.

The trial court found that the services had been rendered as alleged in the complaint and that the commission due and unpaid thereon was $2,294.15. It also found that there was no open and mutual book account existing between plaintiff and any of the defendants as alleged in the cross-complaint of the Campbell Electric Corporation, and that plaintiff was not indebted to any of the defendants as claimed in said cross-complaint.

[1] It is strenuously argued that the complaint is insufficient and that the demurrers thereto, which were both general and special, should have been sustained. The complaint is in the form of a common count for services rendered under an express promise to pay therefor. This form of pleading has been expressly approved in *Pike* v. *Zadig*, 171 Cal. 273, 278, [152 Pac. 923]. The three defendants were properly joined in the action as joint debtors. (*Pike* v. *Zadig, supra; Montgomery* v. *Dorn,* 25 Cal. App. 666, 670, [145 Pac. 148].) The demurrers were properly overruled.

[2] The findings are sufficient to support the judgment against the Campbell Electric Corporation, but in the absence of evidence showing that all three corporations were in fact one concern, the findings are insufficient to support the judgment against the Vacuum Glass Company and the Campbell Electric Company.

The judgment in so far as it denies recovery upon the cross-complaint or counterclaim, and in so far as it relates to the defendant Campbell Electric Corporation, is affirmed; in so far as it relates to the other defendants it is reversed.

The defendants Vacuum Glass Company and Campbell Electric Company shall be entitled to such portion of the

costs of this appeal as upon the filing of the *remittitur* the trial court shall find they have expended.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 20, 1921.