[L. A. No. 8879. In Bank.—April 21, 1927.]

EMANUEL S. ROWE, Respondent, v. W. C. McELROY, etc., Appellant.

[1] PARTNERSHIP — COLLECTION OF ASSETS — ACTION BETWEEN FORMER PARTNERS—EXCESSIVE JUDGMENT—REDUCTION ON APPEAL.— In an action to recover one-half of the proceeds of certain partnership assets collected by the defendant subsequent to the dissolution of the partnership between the parties, where the respondent admits on appeal that the judgment is excessive in a certain amount on the item of interest, the court will accept this amount as a proper sum to be deducted from the judgment.

[2] ID.—REMISSION OF AMOUNT OF JUDGMENT—SATISFACTION—AP-
.PEAL.—Had the respondent in such a case, as plaintiff in the
lower court, and before the taking of the appeal by the defend-
ant, remitted the excessive amount of the judgment, and re-
quested the clerk to credit it upon the judgment as of the date
of its entry, the supreme court would have affirmed the judg-
ment, with directions to the trial court to cause a partial satis-
faction thereof to be entered; and where the only error in the
judgment complained of is that the amount of the recovery is
excessive, which error is confessed by the respondent, who con-
sents to a modification, it is not necessary that the judgment be
reversed or that the parties be subjected to further delay or
expense but the judgment will be modified on appeal by reduc-
ing it in the amount admitted to be erroneous.

(1) 4 C. J., p. 732, n. 82.   (2) 4 C. J., p. 1138, n. 63, 69 New,
p. 1158, n. 22, p. 1159, n. 30.

APPEAL from a judgment of the Superior Court of
Santa Barbara County.  T. A. Norton, Judge.  Modified.

The facts are stated in the opinion of the court.

S. J. Bingham for Appellant.

Mygatt, Robertson & Crawford for Respondent.

WASTE, C. J.—This action was instituted to recover
one-half of the proceeds of certain partnership assets col-
lected by the defendant subsequent to the dissolution of a
partnership between the parties hereto.  The cause was
tried before the court without a jury, and judgment entered
for the plaintiff in the sum of $4,150.74 and costs.  The
defendant appealed, contending that two items of $588.13
and $443.93, respectively, incorporated in and forming a
part of the judgment, were improperly allowed, and that
the findings of fact and conclusions of law declaring these
respective amounts to be due from the appellant are unsup-
ported by the evidence.
As the appellant's brief was on file, and it appearing
that no brief had been filed on behalf of the respondent,
although the time for filing such brief under the rules of

2. See 2 Cal. Jur. 984; 2 R. C. L. 278.

this court had long since expired, the appeal of the defendant was placed upon a special calendar of this court upon an order to the respondent to show cause why the judgment should not be reversed, or such order be made as might be meet in the premises. In response to the order to show cause the respondent appeared and filed a waiver and remission of a portion of the judgment, in which he admits that the sums above indicated were improperly allowed and included in the judgment. He concedes that the item of $588.13, representing one-half of the amount of an alleged escrow deposit, should be entirely eliminated, and that the sum of $221.96, being one-half of the item of $443.93 allowed for interest on the entire net amount of accounts collected by the defendant, be also deducted from the amount of the judgment.

[1] As to the first item, there can be no dispute. Both parties agree as to the amount. Of the second, the appellant merely says one-half of the "interest . . . would figure less than the sum of $200." A point thus presented on appeal is entitled to little or no consideration by this court. As the trial court found that interest on the various amounts set forth in the findings, from the dates collected, would total $443.93, we accept one-half of that sum, as admitted by the respondent, to be the proper and further amount to be deducted from the judgment, thereby limiting the recovery by the plaintiff to the sum of $3,340.65.

[2] Had the respondent, as plaintiff in the court below, and before the taking of the appeal by the defendant, remitted these amounts from the judgment, and requested the clerk to credit their total amount upon the judgment as of the date of its entry, this court would have affirmed the judgment, with directions to the trial court to cause a partial satisfaction thereof to be entered. (*Craig* v. *Dowie,* 4 Cal. App. 176, 179 [87 Pac. 250].) As, however, the only error in the judgment complained of is that the amount of the recovery is excessive, and as the error is confessed by the respondent, who consents to a modification, it is not necessary that the judgment be reversed or that the parties be subjected to further delay or expense. (2 Cal. Jur. 984, par. 582.)

The judgment is modified by reducing the amount of the recovery by plaintiff from $4,150.74 to $3,340.65, and costs

of suit, such modified judgment to bear interest at the legal rate from the date of the original entry; appellant to recover costs of appeal.

Shenk, J., Curtis, J., Richards, J., Seawell, J., Preston, J., and Langdon, J., concurred.