EMMETT K. SHELLER v. STATE.

No. A-8944.   Nov. 15, 1935.
(52 Pac. [2d] 105.)

W. W. Sutton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, on his plea of guilty, was convicted in the district court of Kay county of forgery in the second degree and was sentenced to serve a term of two years in the state penitentiary.

Defendant was informed against for passing a forged check in the sum of $2,000 to the First National Bank, Blackwell, knowing the same to be false and forged. The record discloses a preliminary complaint was filed with the county judge as a magistrate, that defendant waived preliminary hearing, and the magistrate indorsed on the complaint his finding that the offense named therein had been committed and there was reasonable cause to believe the within-named defendant guilty thereof and ordered him held to the district court and his bond was fixed at $2,000. This complaint, with order indorsed thereon, was duly transmitted to and filed in the district court December 3, 1932. The finding and order contains a recital that defendant "waives preliminary," but this statement appears to have been written on the wrong line in the blank on the back of the complaint. This is so obvious there can be no question about the fact. Thereafter, on the same date the county attorney filed information. Defendant, represented by his attorney, S. H. King, was arraigned in district court and entered his plea of not guilty. The district court fixed bail in the sum of $1,500. On the application of defendant, five continuances were thereafter taken. Three of the applications were made by his attorney and two were made by defendant in person. The case finally came on for trial in April, 1935, at which time W. W. Sutton appeared as attorney for defendant. He asked leave of court to withdraw the plea of not guilty, and the court inquired the purpose and was informed defendant desired to demur to the information and to the jurisdiction of the court and to move the court to quash the information and to discharge defendant. Attached to the application to withdraw plea was a demurrer, stating in substance that the transcript of the proceedings of the preliminary was not sufficient to confer jurisdiction on

the district court. Then it follows the usual form of a demurrer, that the information did not state facts sufficient to constitute a public offense and did not substantially conform to the statutes and that more than one offense was charged. This application being denied, defendant's counsel asked leave to withdraw plea of not guilty and to enter a plea of guilty, which the court granted. The plea of guilty was entered, and the court sentenced defendant to a term of two years in the penitentiary.

The principal argument made is that the court did not acquire jurisdiction of the case because of insufficiency of the transcript of the committing magistrate. Defendant contends there is no sufficient showing that defendant waived a preliminary hearing, nor that there had been a judicial determination by the magistrate that a felony had been committed and there was probable cause to believe defendant committed it; that the magistrate did not return to the district court the transcript or record of the proceedings as required by section 2806 et seq., Okla. Stat. 1931; that this was jurisdictional and could not be waived.

We are clearly of the opinion this contention is not supported by the record, and that the return of the complaint, with the indorsement as hereinbefore stated, constitutes a transcript showing waiver of preliminary hearing and a sufficient judicial finding of probable cause by the magistrate. If this order and record of waiver had been challenged before plea, the district court could, and no doubt would, have required it to have been supplemented, but defendant did not challenge it until almost three years later and after five continuances had been entered on his application.

It is held by many decisions of this court that a challenge to the information for want of preliminary must be made on that ground by a motion to set aside or quash the information and that such objection is waived by entering a plea on the merits before filing motion. Anderson v. State, 21 Okla. Cr. 177, 204 Pac. 132; Cooper v. State, 31 Okla. Cr. 217, 238 Pac. 503; Neff v. State, 39 Okla. Cr. 133, 264 Pac. 649. In Ex parte Robinson, 56 Okla. Cr. 404, 41 Pac. (2d) 127, 129, it is held:

"It is well settled that an information charging a felony need not allege that an accused has had a preliminary examination or has waived it. Wines v. State, 7 Okla. Cr. 450, 124 Pac. 466; Robbins v. State, 12 Okla. Cr. 294, 155 Pac. 491; Browning v. State [31 Okla. Cr. 373, 239 Pac. 272], supra; Stamper v. State, 25 Okla. Cr. 324, 220 Pac. 67. The manner of challenging jurisdiction because no preliminary examination was had is by motion to quash or set aside the information. The applicable statutes are, sections 2937, 2940, 2941, 2942, Okla. St. 1931. See, also, Quinton v. State, 10 Okla. Cr. 520, 139 Pac. 705; Robbins v. State, supra.

"A preliminary examination may be waived before the committing magistrate or the preliminary examination, and the entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits."

It is also well settled that after a plea to the information on the merits has been entered, it is discretionary with the trial court whether or not he will permit the plea to be withdrawn for the purpose of filing a motion to quash or set aside. Ex parte Robinson, supra, and authorities cited.

For the reasons assigned, the case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.