Luther Jerald GOAD, Jr., Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, W. R. Wallace, Jr., Judge, Respondent.

No. A–13012.

Court of Criminal Appeals of Oklahoma.

March 15, 1961.

John F. Booth, Jr., Oklahoma City, for petitioner.

James H. Harrod, County Atty., John M. Amick, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

BUSSEY, Judge.

On November 23, 1960, a preliminary information was filed in Justice of the Peace Court before the Honorable Paul Powers of the Oklahoma City District charging petitioner with the crime of Robbery with Firearms. On December 14, 1960, petitioner was arraigned before the Honorable A. P. Van Meter, Oklahoma County District Judge, at which time ·he entered a plea of not guilty. Petitioner had not, prior to arraignment, filed a motion to quash or set aside the information and did not reserve the right to withdraw his plea.

Petitioner's contention is that under the provisions of 22 O.S.(1951) § 258, he should have been presented to a grand jury alleged to have then been in session, and that if a true bill were returned, petitioner should have been prosecuted by indictment rather than by information. He therefore prays that this court issue a writ of prohibition directed to the Honorable W. R. Wallace, Jr., Judge of the Oklahoma County District Court, commanding said judge to desist and refrain from further proceedings in the case.

This court has held on many occasions that the entire preliminary proceedings may be waived in the trial court, and are waived by failure to file a motion to quash or set aside the information in apt time. Ex parte Miller, 82 Okl.Cr. 315, 169 P.2d 574; Landon v. State, 82 Okl.Cr. 336, 166 P.2d 781; Sheller v. State, 58 Okl.Cr. 204, 52 P.2d 105; Herren v. State, 72 Okl. Cr. 254, 115 P.2d 258; Ex parte Owen, 82 Okl.Cr. 415, 171 P.2d 868; Ex parte Pruitt, 89 Okl.Cr. 312, 207 P.2d 337; Clark v. State, 91 Okl.Cr. 210, 218 P.2d 410. In view of the authority above cited, it is unnecessary to consider the other issues raised by the petitioner. We are of the opinion that the writ should be, and the same is, hereby denied.